## Melton v. Allen.

(Decided November 24, 1925.)

### Appeal from Webster Circuit Court.

1. Assault and Battery—Evidence Held Not to Show that Plaintiff Precipitated Difficulty.—In action for damages for assault, evidence held not to show that plaintiff precipitated difficulty or sought an opportunity to do violence to defendant.

2. Assault and Battery—Plaintiff Entitled to Recover Damages when Assaulted by Defendant.—If defendant, not in his own necessary or apparent necessary defense, assaulted and cut plaintiff with a corn knife, a deadly weapon, and thereby injured him, plaintiff was entitled to recover damages.

3. Assault and Battery—Plaintiff Not Entitled to Recover Damages for Assault if Defendant did Plaintiff no More Harm than was Necessary.—If, when defendant assaulted and injured plaintiff, defendant in good faith believed and had reasonable grounds to believe that he was in danger of bodily harm from plaintiff, and defendant did plaintiff no more harm than was necessary, or appeared in exercise of a reasonable judgment to be necessary to protect himself from injury, plaintiff was not entitled to recover damages.

4. Assault and Battery—Verdict of $820.10 for Injuries Sustained by Plaintiff, when Assaulted by Defendant, Held Not Excessive. —Verdict of $820.10 when plaintiff lost a thumb of his right hand and suffered a gash in his head, exposing his brain, when assaulted by defendant, held not excessive.

5. Appeal and Error—Argument of Counsel Not Prejudicial, in View of Smallness of Verdict Awarded Plaintiff.—In action by negro for damages from assault against white defendant, argument of counsel referring to lowly condition of negro held not prejudicial, in view of smallness of verdict awarded plaintiff.

6.  Trial—Argument of Counsel Held Not Erroneous Under the Evidence.—In action for damages when plaintiff was assaulted by defendant with corn knife, argument of counsel that defendant claimed he had used God's corn knife with which to strike plaintiff held not erroneous, where defendant stated that when difficulty arose he found the corn knife in his hand and did not know whether God had placed it there or not.

M. L. BLACKWELL for appellant.

RAYBURN & WITHERS for appellee.

OPINION OF THE COURT BY JUDGE SAMPSON—Affirming.

Appellee, Allen, instituted this action in the Webster circuit court against appellant, Melton, to recover damages for an unlawful and willful assault committed, as it is averred in the petition, by Melton on Allen with a corn knife, in which the appellee lost the thumb from his right hand and suffered the infliction of a very dangerous wound in his head, in some measure incapacitating him for his usual avocation of farming. Appellant Melton traversed the averments of the petition by the first paragraph of his answer. By the second paragraph of his answer he averred: "Defendant says that on the — day of October, 1923, he did strike the plaintiff with a corn knife, but he says at the time he did strike the plaintiff the plaintiff had come on to the defendant's property for the purpose of meeting the defendant and engaging in a difficulty with him; that at the time the defendant so struck said plaintiff, he, the plaintiff, was attempting to catch hold of the defendant and strike defendant for the purpose of inflicting upon defendant great bodily harm, and for the purpose of defending himself against the unlawful purpose of the plaintiff, the defendant in his necessary or apparent necessary self-defense, and in order to protect himself from death or great bodily harm at the hands of the plaintiff, did strike the said plaintiff as above set out, using no more force than was, or appeared to him, in the exercise of a reasonable judgment, to be necessary to protect himself from the plaintiff, and doing no more injury to plaintiff than was necessary to protect himself from plaintiff."

The jury awarded appellee, Allen, $820.10 to cover damages and doctor bills. Melton appeals.

While appellant set up several alleged grounds in his motion for new trial he states but one proposition in his brief, and it is as follows:

> "If the plaintiff went to the premises of the defendant for the purpose of entering into a difficulty with the defendant, and did, in pursuance to such purpose bring about and enter into a combat with defendant, he was not entitled to recover for injuries received in such combat; and the defendant was entitled to an instruction on this theory."

With this proposition we quite agree, but we do not think the facts in this case come within the law which appellant would invoke. The evidence is recited in the bill of exceptions. Appellant, a white man, was a landowner in Warren county, while appellee is a negro tenant usually engaged in raising tobacco. The difficulty occurred in the fall of 1923 after Allen had raised and housed a crop of tobacco on the lands of appellant. For some reason, not fully explained, Allen had moved away from the lands of appellant, leaving the tobacco crop in two barns on the premises. There had been some misunderstanding between the two men and appellant claimed he purchased appellee's part of the tobacco crop, but this is denied by Allen, who says that Melton had proposed to buy it but he had declined to sell. Allen testified that he left his home and went to the tobacco barn on the premises of appellant, and which barn was located a long distance from the residence of appellant, to look at the tobacco and see whether it was ready for preparation for market; that he found some of the tobacco had fallen and he was engaged in placing it back on the sticks when appellant came into the barn unexpectedly; that when appellant came in he inquired what appellee was doing, whereupon appellee told him he was fixing the tobacco, and thereupon appellant declared he was the owner of the tobacco and that appellee should let it alone; that appellee denied this and a dispute arose. That while the dispute was in progress and at a time when appellee, Allen, was not offering to strike or do other violence to appellant the latter picked up a corn knife that was lying on a salt barrel and struck at appellee who, to ward off the blow, threw up his right hand, the knife taking off his thumb. This addled appellee and he started to leave the barn by the door but fell and while he was down appellant struck him in the back of the head, but appellee does

not know with what. Appellant says that the dispute arose in much the same way that appellee says it started, but he says while the dispute was going on appellee, Allen, advanced towards him in a menacing manner with his hands in his pockets, called him bad names and to save himself he picked up the corn knife and struck appellee, cutting off his thumb, and that as appellee left the barn he stooped down to pick up a stick with which to fight appellant and that appellant struck him in the back of the head with the corn knife.

The physician testified the thumb was cut off except for a little skin and that the corn knife had passed through the skull and made an opening to the brain.

According to the evidence, appellee, Allen, was working with his tobacco at the barn, quite a distance from the home of appellant, Melton, when the latter, knowing this, left his home and went to the barn and began the conversation, which resulted in a quarrel, by claiming to be the owner of the whole of the tobacco which had been raised by appellee on the farm of appellant on the shares. This precipitated the dispute. There is no evidence of substance whatever tending to show that appellee precipitated the difficulty or sought an opportunity to do violence to appellant. In fact the evidence shows the contrary.

The court instructed the jury that if it believed from the evidence that on the occasion mentioned the defendant, Melton, not in his own necessary or apparently necessary defense, as defined in instruction number two, assaulted and cut the plaintiff, Allen, with a corn knife, a deadly weapon, and thereby injured him, to find for the plaintiff. This was a concise statement of the law, and we are unable to see any objection to it. The second instruction directed the jury to find for the defendant, if it believed from the evidence that at the time the defendant assaulted and injured the plaintiff, the defendant in good faith believed and had reasonable grounds to believe that he was then and there in danger of bodily harm at the hands of the plaintiff, and that the defendant did the plaintiff no more harm than was necessary, or appeared to him in the exercise of a reasonable judgment to be necessary to protect himself from injury at the hands of plaintiff. This presented the whole law of the case supported by the pleadings and proof of appellant, Melton. The third instruction was a measure of damages. The objection to the instructions was not well taken.

Appellant next insists that the verdict of $820.10 is excessive. We need do no more than call attention to the recitation of the facts above. Appellee lost the thumb of his right hand and suffered a gash in his head exposing his brain. The verdict seems trifling beside the injury. Under most circumstances the jury would have given a verdict much larger. Appellant also complains of misconduct on the part of counsel for appellee in argument of the case. Counsel said in argument to the jury that the "negro had only recently been released from slavery; that only a few years had elapsed since the crack of the whip had been heard above the backs of the colored race; that the plaintiff was just a poor negro and he had no voice in the administration of the law; that the white man made and administered the law and that the negro had to bow in submission to the white man." This argument, appellant complains, was carried to great length. No one could doubt the truth of the statements alleged to have been made by counsel for appellee, but courts should not allow counsel to indulge in such irrelevant recitals of witnesses under the guise of argument of a case. It is beneath the dignity of the profession. However, we are of opinion that it was not prejudicial in this case because the smallness of the verdict indicates the jury dealt very tenderly with appellant.

Appellant also complains that counsel for appellee stated in argument to the jury that Melton claimed he had taken God into partnership in the fight and used God's corn knife with which to strike the plaintiff. In evidence appellant, Melton, stated that when the difficulty arose in the barn he found the corn knife lying ready for his hand but that he did not know whether God had placed it there or not. Counsel for appellee seized upon this unwarranted and untruthful statement of appellant to break down the force of his evidence and no doubt used it with telling effect, but we are not prepared to say that counsel may not call attention to such unnecessary statements by witnesses as that made by appellant in his own behalf and thus show that the jury should not give too much weight to the evidence of one so reckless with the truth. We find no error in the argument of counsel for appellee which would warrant a reversal of the judgment. Upon the whole we are convinced that appellant received a fair and impartial trial.

Judgment affirmed.